IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

By staylor at 11:07 am, Aug 26, 2019

BOBBY COURSON,

      Petitioner,

v.

DEREK EDGE,

      Respondent.

CIVIL ACTION NO.: 2:17-cv-146

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Bobby Courson ("Courson"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas. Doc. 1. Respondent filed a Response, Courson filed a Reply, and Respondent filed a Surreply. Docs. 7, 9, 10. Courson filed an Objection to the Surreply. Doc. 11. For the reasons which follow, I **RECOMMEND** the Court **DENY** Courson's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Courson *in forma pauperis* status on appeal.

### BACKGROUND

Courson was arrested on December 20, 2014 by Brantley County authorities on state drug offenses. Doc. 1 at 2. On January 14, 2015, Courson was released on bond and was taken into the custody of Coffee County immediately for probation violations.[1] Id. The Coffee County court revoked Courson's probation on May 28, 2015 and sentenced him to six months' imprisonment. Id. On June 15, 2015, Courson was taken into temporary federal custody on a

---

[1] Courson's Brantley County charges were later dismissed. Doc. 7-1 at 1.

writ of habeas corpus *ad prosequendum*.  He completed his state revocation sentence on November 27, 2015 and was in exclusive federal custody beginning on November 28, 2015.  Id. The Honorable Lisa Godbey Wood sentenced Courson to 125 months' imprisonment on March 29, 2016 and later reduced his sentence to 110 months.  Id.; Doc. 7 at 2.  Courson's projected release date is June 16, 2023 via good conduct time credit.  Doc. 7-1 at 7.

## DISCUSSION

In his Petition, Courson contends he is entitled to six months' credit against his federal sentence for time he served on his state revocation sentence.  Doc. 1 at 4.  Specifically, Courson seeks credit from May 28, 2015 (the date he was sentenced in Coffee County) through November 27, 2017 (the date his Coffee County sentence was completed).  In support, Courson notes Judge Wood ordered his federal sentence run concurrently with "any term of confinement which may be imposed upon the revocation of the defendant's terms of probation in Coffee County, Georgia, Superior Court Docket Numbers 2011F09252 and 2012F05176."  Id. at 2–3.  However, Courson asserts the Bureau of Prisons ("BOP") has not credited him with this time against his federal sentence.

Respondent asserts Courson's sentence has been properly calculated, and he is not entitled to any credit against his federal sentence.  Doc. 7.

**I.     Whether Courson is Entitled to Credit Against his Sentence**

It is the duty of the United States Attorney General, acting through the BOP, to determine the amount of credit due for the time served by the defendant "for any time he has spent in official detention prior to the date the sentence commences."  United States v. Alexander, 609 F.3d 1250, 1259 (11th Cir. 2010).  "A federal district court reviews for abuse of discretion the BOP's decision under [18 U.S.C.] § 3585 regarding commencement of a federal sentence and the

2

grant of credit for prior custody." Paradis v. Keller, No. 1:10-CV-2354, 2011 WL 2790480, at *4 (N.D. Ga. June 13, 2011), *report and recommendation adopted*, 2011 WL 2790472 (N.D. Ga. July 14, 2011). To determine whether the BOP properly calculated Courson's sentence, the Court must begin with the plain language of the statute itself. Harris v. Garner, 216 F.3d 970, 972 (11th Cir. 2000) ("We begin our construction of [a statutory provision] where courts should always begin the process of legislative interpretation, and where they often should end it as well, which is with the words of the statutory provision."). Section 3585 of Title 18 of the United States Code, which pertains to "credit for prior custody," is controlling for making credit determinations for sentences imposed under the Sentencing Reform Act of 1984. This statute provides:

> (a) Commencement of sentence. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit of Prior Custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585 (emphasis added).

Here, Courson was arrested on state charges by Brantley County authorities on December 20, 2014 and was released on bond from the Brantley County Jail on January 14, 2015. Doc. 7 at 2. Courson was taken into the custody of Coffee County authorities this same date for pending

3

probation violations in case numbers 2011F09252 and 2012F05176.  Id.  On May 28, 2015, Courson was sentenced in the Superior Court of Coffee County to a six-month sentence.  Id.

Courson was transferred to secondary federal custody via a writ of habeas corpus *ad prosequendum* to answer charges of conspiracy to distribute controlled substances on June 15, 2015.  Id.  Courson completed his state probation revocation sentence on November 27, 2015 and was in exclusive federal custody on November 28, 2015.  Id.  On March 29, 2016, Courson was sentenced in this Court to 125 months' imprisonment, to be served concurrently with any term that "may be imposed" upon the revocation of Courson's Coffee County charges.  Id.  This Court later reduced Courson's sentence upon the Government's motion.  Id.  The BOP gave Courson credit against his federal sentence for the dates of December 20, 2014 (date arrested by state authorities related to federal offense) through May 27, 2015 (the day before his state revocation sentence was imposed) and from November 28, 2015 (the day after state revocation sentence completed) through March 28, 2016 (the day before he was sentenced in federal court). Id. at 3.  Courson seeks credit for the gap—namely, the time between May 28, 2015 and November 27, 2015, when he was serving his six-month sentence for the Coffee County probation violations.

In determining the proper credit, a two-part analysis is helpful.  First, it must be determined when the sentence commenced.  A sentence "'cannot begin prior to the date it is pronounced, even if made concurrent with a sentence already being served.'"  Coloma v. Holder, 445 F.3d 1282, 1284 (11th Cir. 2006) (quoting United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980)).  Courson's federal sentence commenced on March 29, 2016, the date his 125-month federal sentence was imposed.  Doc. 7-1 at 8.

4

Courson's federal sentence clearly did not commence on December 20, 2014, the date he was arrested by Brantley County authorities, or on January 14, 2015, the date he was in Coffee County authorities' custody for violations of his probation in a state case. Courson's federal sentence also did not commence when he entered secondary federal custody on June 15, 2015 under a writ of habeas corpus *ad prosequendum.* See Causey v. Civiletti, 621 F.2d 691, 693 (5th Cir. 1980) (A writ of habeas corpus *ad prosequendum* is "only a loan of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction."); see also Powell v. Jordan, 159 F. App'x 97, 99–100 (11th Cir. 2005) ("'[I]if a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is only temporary. The prisoner will be returned to state custody at the completion of the federal proceedings or the federal sentence if the federal government wishes to execute it immediately.'" (quoting Causey, 621 F.2d at 693)). However, Courson completed his state sentence on November 27, 2015 while he was in secondary custody of the federal government. Doc. 1 at 2; Doc. 7-1 at 2. Because he was then in exclusive federal custody beginning on November 28, 2015, the BOP credited Courson with time served from November 28, 2015 through March 28, 2016, the day before he was sentenced in federal court. Doc. 7-1 at 3.

The BOP committed no error nor abused its discretion in determining Courson's federal sentence commenced on March 29, 2016, the date his federal sentence was imposed. Id. at 8. Courson was credited with the remaining time he seeks—May 28, 2015 through November 27, 2015—against his state sentence. Id. at 21. Courson cannot receive credit for his time in custody that has already been credited against his state court sentence.[2]  18 U.S.C. § 3585.

---

[2] It is evident the State of Georgia credited Courson with time he spent in secondary federal custody from May 28, 2015 through November 27, 2015 against his state sentence. As noted above, Courson's state sentence was imposed on May 28, 2015 and completed on November 27, 2015—the very time for which Courson seeks credit against his federal sentence.

5

Courson also cannot receive additional credit against his federal sentence before his federal sentence commenced. In sum, Courson is not entitled to any additional credit against his federal sentence under § 3585. Consequently, the Court should **DENY** Courson's Petition on this basis.

## II. Whether Courson is Entitled to Credit Against his Sentence Based on a Discharged State Term of Imprisonment

The Court notes Courson's assertion that Judge Wood intended for him to receive credit against his sentence for this six-month period, as she ordered Courson's federal sentence to run concurrently "with any term of confinement which may be imposed upon the revocation of the defendant's terms of probation in Coffee County, Georgia, Superior Court Docket Numbers 2011F09252 and 2012F05176." J., United States v. Courson, 2:15-cr-10 (S.D. Ga. Mar. 31, 2016), ECF No. 313, p. 2; Doc. 1 at 2–3; Doc. 7-1 at 12.

"If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively. . . ." 28 U.S.C. § 3584(a). However, "[i]f the defendant has completed his state prison term before the federal sentence is imposed, § 5G1.3 [of the United States Sentencing Guidelines] does not apply, and his federal prison term cannot be imposed concurrently."[3] United States v. Labeille-Soto, 163 F.3d 93, 99 (2d Cir. 1998) (citing United States v. Adeniyi, 912 F.2d 615, 618 (2d Cir. 1990)). Instead, when a petitioner like Courson "has his state sentence expire before his concurrent federal sentence, the remainder of the federal sentence must be served consecutively." Barnett v. United

---

[3] Section 5G1.3 is entitled "Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment or Anticipated State Term of Imprisonment." This, in conjunction with § 3584(a)'s use of the term undischarged, leads the Court to believe Congress did not intend to allow courts to make a newly-imposed sentence run concurrently with a prison term that was completed at the time of sentencing in the more recent case. United States v. Lucas, 745 F.3d 626, 630 (2d Cir. 2014) (quoting Labeille-Soto, 163 F.3d at 98).

States, Civil Action No. 2:10cv356, 2012 WL 3744193, at *2 (M.D. Ala. Aug. 1, 2012), *report and recommendation adopted by* 2012 WL 3744192 (Aug. 29, 2012).

The sentencing court did order that Courson's federal sentence run concurrently with any sentences that may be imposed in his Coffee County revocation proceedings. However, at the time this Court sentenced Courson on March 29, 2016, he had already completed his state sentence for probation violations. Thus, the Court's order that its sentence run concurrently with an already discharged state sentence is a nullity. The Court should **DENY** Courson's Petition on this basis, as well.[4]

### III.  Leave to Appeal *in Forma Pauperis*

The Court should also deny Courson leave to appeal *in forma pauperis*. Though Courson has not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not

---

[4] The Court notes Courson's objection to Respondent's Surreply. Doc. 11. Even without Respondent making the argument advanced in his Surreply, Courson would not be entitled to his requested relief, as discussed in § I of this Report and Recommendation.

7

brought in good faith if it is "without arguable merit either in law or fact." <u>Napier v. Preslicka</u>, 314 F.3d 528, 531 (11th Cir. 2002); <u>see also</u> <u>Brown v. United States</u>, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Given the above analysis of Courson's Petition and the responsive pleadings, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **DENY** Courson's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Courson leave to proceed *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **14 days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United

States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Courson and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 26th day of August, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA